### JONES v. THE STATE.

If the board doing county business select, from the list of taxable persons, the names of the petit jurors, according to its discretion, instead of causing their names to be drawn from a box by the clerk, according to the statute, out of the whole number selected,—it is a good cause of challenge to the array.

ERROR to the *Bartholomew* Circuit Court.

STEVENS, J.—The material facts shown by the record, necessary for us to notice, are these:—At the *September* term, 1831, of the Circuit Court of *Bartholomew* county, *John Jones*, the plaintiff in error, was indicted for the murder of *John Ray*. He was tried and found guilty, and judgment of death was rendered against him. At the *November* term, 1831, of the Supreme Court, that judgment was reversed, the verdict of the jury set aside, and the case remanded with instructions to award a *venire de novo* and try the issue again. At the *March* term, 1832, another trial was had by a jury, and the prisoner again convicted, and judgment of death passed upon him. To reverse which this writ of error is prosecuted.

Several errors are assigned, but this opinion will be confined to one of them only, the others, as we believe, not being well taken.

The record shows that the panel of the traverse jury who tried the issue, was arrayed under the act of 1831, which makes it the duty of the "boards doing county business in each county to cause to be selected, from the list of taxable persons in the county, the names of 18 grand jurors and 24 petit jurors," "for each and every term of the Circuit Court for one year succeeding such selection," "and in those counties where the term of the Circuit Court extends to two weeks, 24 shall be selected as petit jurors for the first week and 24 for the second week, each of whose names shall be written on separate pieces of paper and put into a box to be provided and kept for that purpose; and the clerk of the Circuit Court shall, in the presence of the board, draw from said box 18 names for grand jurors and 24 names for petit jurors, for each and every term of said Court." It further enacts that, where the terms of the Court extend to two weeks, double that number shall be put into the box and drawn

as aforesaid, designating for which week each panel is drawn. It further enacts that these names, when so drawn, shall be by the clerk written upon separate panels, distinguishing for which term of the Court each separate panel has been thus selected, and that these panels, so selected and written, shall be by the clerk recorded in the order book of the Circuit Court. And it further enacts that it shall be the duty of the clerk, at least thirty days previous to the sitting of each term of the Circuit Court, to make out two writs under the seal of the Court, directed to the sheriff, containing severally the panels of the grand and petit jurors so selected and drawn as aforesaid for that term, commanding him to summon them.

The prisoner, at the proper time, suggested to the Court that the jury, in that instance, had not been selected agreeably to the provisions of the statute, but had been by the board selected at their own discretion, without causing them to be drawn by the clerk, by lottery, out of the whole number; and for that cause challenged the array, and offered to prove the facts, but the Court refused to hear the evidence and overruled the challenge. The defendant had an undoubted right to challenge the array, and if the sheriff had arrayed the panel, any partiality or default of his or his under officers, would have been good cause of challenge. Our statute has taken that duty from the sheriff, and assigned it to the boards doing county business and the clerk of the Circuit Court; and a challenge will lie to the panel, for any partiality or default of those boards, or the clerk, in selecting and arraying the panel; they having been substituted for the sheriff in the performance of that business. *Gardner* v. *Turner*, 9 Johns. Rep. 260.

Comment or illustration by us, on such a state of facts as this, is unnecessary. It is clear, if the defendant's suggestions are true, that some of the most material requisites of the statute have not been complied with. Whether the facts suggested are true or false, the Court should have inquired. The judgment must be reversed, and the verdict of the jury set aside. *Eaton* v. *The Commonwealth*, 6 Binney, 447.

*Per Curiam.*—The judgment is reversed and the verdict set aside. Cause remanded, &c.

P. *Sweetser*, for the plaintiff.

*H. Brown*, *W. Herod*, and *A. Lane*, for the state.